Roig Commercial Bank, Plaintiff and Appellee, *v.* Miguel A. Bustelo et ux., Defendants and Appellants.

No. 6277. Argued February 13, 1933.—Decided February 16, 1933.

*Arturo Aponte* for appellants.   *González Fagundo & González, Jr.,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

In this case we are asked to dismiss the appeal on the ground that the order sought to be reviewed is not appealable.

The Roig Commercial Bank instituted a mortgage foreclosure proceeding in the District Court of Humacao against Miguel A. Bustelo and his wife. The mortgage property was finally awarded to the creditor, and accordingly a public deed was executed and recorded in the registry.

At this stage, the creditor asked to be put in judicial possession of the parcel awarded to it, and the court entered an order accordingly. Article 174, Mortgage Law Regulations.

Thereupon, Miguel Bustelo and his wife appeared and requested that the order be vacated, by a motion which begins thus:

"The defendants herein make a special appearance for the purpose of this motion only, it being understood that they are not thereby submitting to the jurisdiction of this court, and respectfully show and allege:"

What they represented and alleged, in brief, was that the award of the property was made as a result of "a false statement of the facts made in the complaint," and that after the foreclosure sale the purchaser leased the property to the defendants and later sold it to Jesús Amaral, and therefore had no interest in said property at the time it demanded to be put in possession.

The court decided the motion as follows:

"The parties having been heard on the motion filed by defendants in this proceeding, the Court is of the opinion that the plaintiff is correct in its contention that the granting of said motion would tend to interrupt the proceeding, which is not actually terminated until material delivery of the parcel sold is made. The Court is also of the opinion that, as contended by the foreclosing creditor, the questions raised by the defendants in their motion in no way affect the position of either party, as it appears from the record of this cause. Therefore, the said motion is denied . . . ."

The Bustelo spouses took an appeal to this Court from the above order, and the foreclosure creditor has moved for a dismissal of the appeal. Both said creditor and the appellants were heard in open court on this point, by their counsel.

Leaving aside the form of the appearance of the appellants, we may say that the proceeding had in the District Court of Humacao was the summary proceeding authorized and regulated by the Mortgage Law. The law does not grant an appeal either from the order demanding payment or from order of sale at public auction. Nor does it grant an appeal from the order of possession. No provision can be found within the Mortgage Law itself authorizing this appeal.

The appellants contend that the order in question is a special order entered after final judgment, and appealable under subdivision 3 of section 295 of the Code of Civil Procedure. If this were an ordinary action, their contention might be correct, but inasmuch as a summary foreclosure

proceeding is involved we are not convinced of the soundness of their contention. To hold otherwise would be to pervert (*desnaturalizar*) the said proceeding.

The motion must be sustained and the appeal dismissed.